IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD THOMASSON and CLAIRE THOMASSON,<br><br>        Plaintiffs,<br><br>    v.<br><br>AIR & LIQUID SYSTEMS CORP. a/k/a BUFFALO PUMPS, INC., et al.,<br><br>        Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 13-1034 (JBS/JS)<br><br>**OPINION** |

APPEARANCES:

Robert Gitelman, Esq.
NAPOLI BERN RIPKA SCHKOLNIK, LLP
350 Fifth Avenue
Empire State Building
Suite 7413
New York, NY 10118
    Attorney for Plaintiffs Harold Thomasson and Claire Thomasson

Michael A. Tanenbaum, Esq.
SEDGWICK LLP
Three Gateway Center
12th Floor
Newark, NJ 07102
    Attorney for Defendants CBS Corporation, Foster Wheeler Energy Corporation, General Electric Company

**SIMANDLE**, Chief Judge:

## I. INTRODUCTION

    This matter is before the Court on the motion of Plaintiffs Harold Thomasson and Claire Thomasson ("Plaintiffs") to remand this action to New Jersey Superior Court. [Docket Item 14.]

Defendants CBS Corporation,[1] Foster Wheeler Energy Corporation, and General Electric Company (collectively "Defendants") removed this action pursuant to 28 U.S.C. § 1442(a)(1) on the basis that they acted under the authority, direction and control of an officer or agency of the United States and can state at least a colorable federal law-based "government contractor" defense to Plaintiffs' claims. [Docket Item 1 ¶6.]

The Plaintiffs do not contest the Defendants' basis for removal but argue that the notice of removal was untimely filed. The issue before the Court is whether the Defendants removed this action within thirty days of having notice of a basis for federal jurisdiction.

For the reasons discussed below, the Court finds that the Defendants did file their notice of removal in accordance with the thirty-day requirement of 28 U.S.C. § 1446(b). The Court concludes that the Defendants did not have notice of a plausible federal contractor defense until it received Plaintiffs' Answers to Interrogatories. Accordingly, Plaintiffs' motion to remand will be denied.

## II. BACKGROUND

The instant action arises out of Plaintiff Harold Thomasson's alleged exposure to asbestos from a variety of

---

[1] CBS Corporation (a Delaware corporation f/k/a Viacom, Inc.) is a successor by merger to CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation).

products manufactured by various corporations including Defendants CBS Corporation, Foster Wheeler Energy Corporation, and General Electric Company from 1957 to 1985. [Docket Item 1, Ex. A, Initial Fact Sheet ¶¶ 5-6.] Plaintiffs filed their complaint in New Jersey Superior Court, Middlesex County, on December 4, 2012, along with an Initial Fact Sheet. (Id.) Defendant CBS Corporation was served with the initial pleadings on January 11, 2013; Foster Wheeler Energy Corporation was served on January 18, 2013; and General Electric Company was also served on January 18, 2013. (Pl.'s Exs. B & C.) The Complaint alleged the following:

> Plaintiffs expressly disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from exposure to asbestos dust caused by any acts or omissions of a party defendant committed at the direction of an officer of the United States Government. As to defendants FOSTER WHEELER ENERGY CORPORATION, GENERAL ELECTRIC COMPANY and CBS CORPORATION, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, Plaintiffs do not allege any claims arising out of Plaintiff HAROLD THOMASSON's work in the United States Navy.

(Compl. ¶ 2.) Plaintiffs' accompanying Initial Fact Sheet alleged that Mr. Thomasson worked in the United States Navy from 1950-1954 as a Metalworker - 3rd Class. (Initial Fact Sheet ¶ 9.) Plaintiff did not allege which ships or shipyards he worked at while in the Navy, what products he interacted with or what his responsibilities were as a Metalworker - 3rd Class.

3

Significantly, Plaintiffs also claimed in their Initial Fact Sheet that Mr. Thomasson was first exposed to asbestos in 1957, three years after the end of his service in the Navy. (Initial Fact Sheet ¶¶ 5,6.) In 1957, Mr. Thomasson was working at "Socony-Vaccum" [sic] as a Pipefitter. (Id. ¶ 9.) Mr. Thomasson continued working as a Pipefitter from 1958-1960 for Dupont and later from 1960-1985 for Monsanto Chemical during the alleged period of asbestos exposure. (Id.)

On February 5, 2013, Plaintiffs served Defendants with a copy of their Answers to Standard Interrogatories. (Def.'s Ex. 4, Interrogatory Responses.) These Interrogatory Responses alleged for the first time that Mr. Thomasson was exposed to asbestos while employed by the U.S. Navy. In particular, Mr. Thomasson alleged that he was exposed to asbestos while aboard the USS Fitch between February 20, 1952 and November 15, 1953. (Id. at 4.) Mr. Thomasson also alleged that he was exposed to asbestos while aboard the USS Macomb from November 15, 1953 through May 22, 1954. Id. Plaintiffs do not dispute that these specific allegations were not contained in either their Complaint or Initial Fact Sheet.

Defendants were then able to research and confirm that GE manufactured the turbines on the USS Macomb, that Westinghouse manufactured the turbines for both the USS Fitch and USS Macomb, and that Foster Wheeler manufactured the economizers on the USS

4

Fitch and USS Macomb. As a result of this new information, Defendants filed their Notice of Removal on February 20, 2013, within 30 days of receiving Plaintiffs' Interrogatory Responses.

**III. DISCUSSION**

**A. Standard of Review**

Defendants removed this action pursuant to 28 U.S.C. § 1442, which is commonly referred to as the federal officer removal statute. This statute permits removal of a case from state court when the action is brought against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

In order to remove a case pursuant to this provision, a defendant must establish: (1) it is a "person" under the statute; (2) that it acted under the direction of a federal officer or agency, (3) that is has a colorable federal defense, and (4) that there is a causal nexus between the federal direction and the conduct at issue. Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir. 1998).

"While removal under 28 U.S.C. § 1441 is to be strictly construed, with doubts resolved in favor of remand, the federal officer removal statute, by contrast, is to be broadly construed in order to liberally grant federal officers access to a federal

5

forum." In re Asbestos Products Liab. Litig. (No. VI), 770 F. Supp. 2d 736, 741 (E.D. Pa. 2011)(citations omitted).

The timeliness of removal under Section 1442 is governed by 28 U.S.C. § 1446 which provides that a defendant must file a notice of removal within thirty days after the receipt of the initial pleading. 28 U.S.C. § 1446(b). If the basis for removal is not set forth in the initial pleading, then a defendant must remove within thirty days of receiving "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## B. Analysis

Plaintiffs do not contest that Defendants have established all four requirements to remove this action pursuant to 28 U.S.C. § 1442. The Plaintiffs, however, argue that removal was untimely because Defendants had notice of a federal contractor defense through the allegations in the Initial Fact Sheet. Plaintiffs concede that the allegations in their Complaint alone are not sufficient to put Defendants on notice of a federal contractor defense.

In opposition, Defendants maintain that the Initial Fact Sheet was insufficient to put them on notice of a federal contractor defense and consequently, the thirty-day period to remove was not triggered until they received Plaintiffs' Answers

6

to Interrogatories. The main issue before the court is whether Defendants had notice of a federal contractor defense on receipt of the Complaint and Initial Fact Sheet or whether the federal contractor defense was not apparent until Defendants received Plaintiffs' Interrogatory Answers.

In determining whether an initial pleading is sufficient to trigger a defendant's thirty-day period to remove, a district court must analyze "whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F. 2d 48, 53 (3d Cir. 1993), rev'd on other grounds, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Importantly, "the analysis for determining whether the four corners of the pleading is sufficient is an objective one: 'the issue is not what the defendant knew, but what the relevant document said.'" In re Asbestos, 770 F. Supp. 2d at 740 (citing Foster, 986 F. 2d at 53.) Therefore, the Court must look at the allegations contained in the Complaint and the Initial Fact Sheet and determine whether there had been sufficient facts presented for Defendants to establish the requisite elements of the federal officer removal statute.

First, Plaintiffs concede that the allegations in their Complaint are insufficient to put Defendants on notice of a

7

federal contractor defense.  The Complaint contains no allegations as to when Mr. Thomasson served in the Navy, what his rank and duties were, where he was stationed or what products of Defendants' he came into contact with.  Indeed, the only allegation referencing Mr. Thomasson's service in the Navy specifically <u>disclaims</u> any claims arising out of service.

Plaintiffs, however, make the rather remarkable argument that the Initial Fact Sheet[2] accompanying the Complaint was sufficient to put Defendants on notice that Defendants were being sued for asbestos exposure from their products used by Mr. Thomasson while in the U.S. Navy. Plaintiffs' Initial Fact Sheet alleges the following: (1) Mr. Thomasson was employed as a Metalworker - 3rd Class in the Navy from 1950-1954; and (2) Mr. Thomasson was first exposed to asbestos in 1957.  Plaintiffs argue that the sole fact that Mr. Thomasson worked in the Navy from 1950 - 1954 was sufficient to put Defendants on notice of a federal contractor defense.

The court finds Plaintiffs' argument completely disregards that the Initial Fact Sheet claimed Mr. Thomasson was not exposed to asbestos until 1957, three years after he completed his service in the Navy.  Any objective reading of the Initial Fact Sheet results in the conclusion that Thomasson was not exposed to

---

[2] The parties do not dispute that an Initial Fact Sheet can be considered an "other paper" triggering the thirty-day removal period prescribed by 28 U.S.C. § 1446(b)(3).

8

asbestos while in the Navy.  Instead, according to the Initial Fact Sheet, Thomasson was exposed to asbestos for the first time while working as a pipe fitter in 1957.  Consequently, Defendants had no basis to remove this action based on a federal contractor defense because Plaintiffs claimed asbestos exposure from using Defendants' products solely in a commercial setting.  Defendants had no facts from which to assert a basis for federal jurisdiction.  Indeed, Plaintiffs put all defendants on notice in the Complaint and in the Initial Fact Sheet that Harold Thomasson was <u>not</u> exposed to asbestos before 1957.

   This is not a close question.  The Complaint <u>disclaimed</u> "any claims arising out of Plaintiff Harold Thomasson's work in the United States Navy."  (Compl. ¶ 2, supra.) Defendants did not have notice that Plaintiffs were claiming Mr. Thomasson was exposed to asbestos during his service in the Navy until Plaintiffs served their Answers to Interrogatories.  This document alleged for the first time that Plaintiffs were alleging that Mr. Thomasson was exposed to asbestos on the USS Fitch and USS Malcomb from 1952-1954.  It was only after receiving this information that Defendants could confirm whether any of their products were manufactured for use by the Navy on these vessels.  Until this document was served, Defendants had no notice that Mr. Thomasson was alleging exposure from Defendants' products which were designed and manufactured according the specifications of

the federal government; indeed, again, the Complaint specifically disclaimed such a claim. (Compl. ¶ 2, supra.)  Without this information, Defendants could not establish a causal nexus between Plaintiffs' claims and the conduct performed by the Defendants under the direction of the federal government. Therefore, the thirty-day period to remove this action was not triggered until Defendants received Plaintiffs' Interrogatory Answers which provided a factual basis for federal jurisdiction.

Plaintiffs' reliance on Hauck v. Advance Auto Parts, No. 12-8949, 2013 WL 1087220 (S.D.N.Y. March 12, 2013) is equally unpersuasive.  In Hauck, the defendants removed after receiving the plaintiff's answers to interrogatories.  The district court concluded that defendants' removal was untimely because the interrogatory response was based on the same information contained in the initial fact sheet which was served more than thirty days prior to removal.  Hauck, 2013 WL 1087220, at *1.

In this case, Plaintiffs' Answers to Interrogatories contained information that was entirely separate and directly contradictory from the Initial Fact Sheet.  The Initial Fact Sheet claimed Mr. Thomasson was first exposed to asbestos in 1957; Plaintiffs' Answer to Interrogatories claimed Mr. Thomasson's first exposure was in 1952.  Plaintiffs' Initial Fact Sheet was silent as to which vessels Mr. Thomasson was assigned and when he was assigned to them; Plaintiffs' Interrogatory

Answers claimed Mr. Thomasson was assigned to the USS Fitch from 1952-1953 and the USS Malcomb from 1953-1954. Unlike the plaintiff in Hauck who alleged the same information in his initial fact sheet and answers to interrogatories, Plaintiffs in this case omitted (or purposely obscured) crucial information from their Initial Fact Sheet and indeed, did not even claim asbestos exposure during the time Mr. Thomasson served in the military.

Since Defendants' notice of removal was filed within thirty days of Plaintiffs' Answers to Interrogatories, removal was timely pursuant to 28 U.S.C. § 1446. Therefore, Plaintiffs' motion to remand will be denied.

## IV. AFTERWORD AND CONCLUSION

This Court perceives no reasonable basis for Plaintiffs' remand motion. This case was properly removed under 28 U.S.C. § 1442(a)(1), and within the thirty day period for removal following the Plaintiffs' Interrogatory Answers which directly contradicted the prior disclaimer in the Complaint and Initial Fact Sheet of any claim arising from Plaintiff's service in the Navy, or before the alleged first exposure in 1957, or involving any exposure to asbestos caused by a defendant acting at the direction of the United States government. Plaintiffs' argument that these removing defendants should have somehow divined these claims from prior documents that actually disclaimed such

exposure is frivolous.  There is a duty of candor to the court and a duty to refrain from vexatious litigation tactics that were not met by Plaintiffs' counsel on this occasion.

For the reasons discussed herein, Plaintiffs' motion to remand will be denied.  The accompanying Order will be entered.


**June 17, 2013**                                **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 Chief U.S. District Judge