```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CLAIRE THOMASSON, individually, and as administratrix of the Estate of Harold Thomasson,<br><br>        Plaintiff,<br><br>   v.<br><br>AIR & LIQUID SYSTEMS CORPORATION et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>    Civil Action<br>   No. 13-1034 (JBS/JS)<br><br>    **OPINION** |

APPEARANCES:

Kardon A. Stolzman, Esq.
Robert Gitelman, Esq.
NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP
350 Fifth Avenue, Suite 7413
New York, NY 10118
     Attorneys for Plaintiffs

Kathleen M. Agnelli, Esq.
MARIN GOODMAN
40 Wall Street, 57th Floor
New York, NY 10005
     -and-
Frederic Goodman, Esq.
500 Mamaroneck Ave, Suite 501
Harrison, NY 10528
     Attorneys for Defendant Fluor Corporation

Jordan David Beltz, Esq.
SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
15 Exchange Place, Suite 1020
Jersey City, NJ 07302
     -and-
Talene Nicole Megerian, Esq.
SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
850 Third Avenue, Suite 1100
New York, NY 10022
     Attorneys for Defendant Mannington Mills, Inc.

```
Michael Joseph Block, Esq.
Mary S. Cook, Esq.
WILBRAHAM, LAWLER & BUBA
24 Kings Highway West
Haddonfield, NJ 08033
     Attorneys for Defendant Air & Liquid Systems Corporation
     a/k/a Buffalo Pumps, Inc.

David Schuyler Blow, Esq.
SEGWICK LLP
One Newark Center
1085 Raymond Boulevard, 16th Floor
Newark, NJ 07102
     Attorney for Defendants Borgwarner Morse Tec, Inc. and
     Foster Wheeler Energy Corporation

Benjamin Bucca, Jr., Esq.
90 Livingston Ave.
New Brunswick, NJ 08901
     -and-
Joseph Ira Fontak, Esq.
LEADER & BERKON LLP
630 Third Avenue, 17th Floor
New York, NY 10017
     Attorneys for Defendant IMO Industries, Inc.

Angela Coll Caliendo, Esq.
KELLEY JASONS MCGOWAN SPINELLI HANNA & REBER, LLP
Two Liberty Place, Suite 1900
50 S. 16th Street
Philadelphia, PA 19102
     Attorney for Defendants FMC Corporation and MCIC Inc. f/k/a
     The McCormick Asbestos Company

Theodore M. Eder, Esq.
SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
850 Third Avenue, 11th Floor
New York, NY 10022
     -and-
Alexander Charles Schaffel, Esq.
MCGIVNEY & KLUGER
23 Vreeland Road, Suite 220
Florham Park, NJ 07932
     Attorneys for Defendant Flowserve Corporation
```

```
Joseph Anthony Gallo, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
33 Washington Street, 18th Floor
Newark, NJ 07102
     -and-
Paul C. Johnson, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PA
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
     Attorneys for Defendant Warren Pumps, LLC

John C. Garde, Esq.
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101
     Attorney for Defendant Parker Hannafin Corporation

Michael V. Gilberti, Esq.
23 Vreeland Road, Suite 220
Florham Park, NJ 07932
     -and-
Michael E. Waller, Esq.
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS
One Newark Center, 10th Floor
Newark, NJ 07102
     Attorneys for Defendant Crane Co.

Joanne Hawkins, Esq.
SPEZIALI, GREENWALD & HAWKINS P.C.
1081 Winslow Road
Williamstown, NJ 08094
     Attorney for Defendant General Electric Company

Richard V. Jones, Esq.
LAW OFFICES OF ROGER V. JONES, LLP
4 Franklin Avenue, Suite 4
Ridgewood, NJ 07450
     Attorney for Defendant Metropolitan Life Insurance Company
```

Christopher J. Keale, Esq.
SEGWICK LLP
One Newark Center
1085 Raymond Boulevard, 16th Floor
Newark, NJ 07102
    Attorney for Defendants Borgwarner Morse Tec, Inc. f/k/a
    Borg-Warner Corporation

Christopher S. Kozak, Esq.
LANDMAN CORSI BALLAINE & FORD PC
One Penn Center
1617 John F. Kennedy Blvd., Suite 955
Philadelphia, PA 19103
    Attorney for Defendant Sequoia Ventures Inc. f/k/a Bechtel
    Corp.

Lisa Pascarella, Esq.
PASCARELLA DIVITA LINDENBAUM & TOMASZEWSKI, PLLC
2137 Route 35, Suite 290
Holmdel, NJ 07733
    Attorney for Defendants Trane US, Inc. f/k/a American
    Standard, Inc., Ingersoll-Rand Company, and Crane Co.

W. Matthew Reber, Esq.
KELLEY JASONS MCGOWAN SPINELLI HANNA & REBER, LLP
Two Liberty Place, Suite 1900
50 S. 16th Street
Philadelphia, PA 19102
    Attorney for Defendant FMC Corporation

Steven Frederik Satz, Esq.
HOAGLAND LONGO MORAN DUNST & DOUKAS
40 Paterson Street
New Brunswick, NJ 08901
    Attorney for Defendants Borgwarner Morse Tec, Inc.,
    Mannington Mills, Inc., and Goulds Pump, Inc.

Michael A. Tanenbaum, Esq.
SEDGWICK LLP
One Newark Center
1085 Raymond Boulevard, 16th Floor
Newark, NJ 07102
    Attorney for Defendants CBS Corporation f/k/a Viacom Inc.
    f/k/a Westinghouse Electric Corp., General Electric
    Company, and Foster Wheeler Energy Corporation

**SIMANDLE, Chief Judge:**

**I.    INTRODUCTION**

This action arises from the late Harold Thomasson's alleged contraction of mesothelioma as the result of his exposure to asbestos during his service in the United States Navy aboard two vessels between 1952 and 1954 and his work as a maintenance worker and pipefitter for various employers between 1954 and 1985.[1]

This matter comes before the Court upon a motion to dismiss by Defendant Metropolitan Life Insurance Company ("MetLife") [Docket Item 228] and 19 unopposed motions for summary judgment by the following Defendants: Goulds Pumps, Inc. ("Goulds") [Docket Items 225]; Warren Pumps, LLC ("Warren") [Docket Item 226]; Flowserve Corporation ("Flowserve") [Docket Item 227]; Ingersoll-Rand Company ("Ingersoll-Rand") [Docket Item 229]; Trane US, Inc. ("Trane") [Docket Item 230]; FMC Corporation ("FMC") [Docket Item 231]; MCIC Inc. ("MCIC") [Docket Item 232]; Mannington Mills, Inc. ("Mannington Mills") [Docket Item 239]; Sequoia Ventures f/k/a Bechtel Corporation ("Bechtel") [Docket Item 240]; Parker Hannafin Corporation ("Parker Hannafin") [Docket Item 241]; Crane Co. ("Crane") [Docket Item 242]; IMO

---

[1] This suit was initially filed by Plaintiffs Harold and Claire Thomasson. The Amended Complaint, filed after Mr. Thomasson's death, names as the plaintiff Claire Thomasson, individually, and as administratrix of the Estate of Harold Thomasson.

Industries Inc. ("IMO") [Docket Item 243]; Air & Liquid Systems Corporation ("Air & Liquid") [Docket Item 244]; Borgwarner Morse Tec, Inc. ("Borgwarner") [Docket Item 245]; Fluor Corporation ("Fluor") [Docket Item 246]; General Electric Company ("General Electric") [Docket Item 247]; Foster Wheeler Energy Corporation ("Foster Wheeler") [Docket Item 248]; CBS Corporation ("CBS") [Docket Item 249]; and BW/IP Inc. ("BW/IP") [Docket Item 250].[2] With the exception of MetLife, Defendants uniformly contend in the pending motions for summary judgment that Plaintiff has failed to present any evidence that Mr. Thomasson was exposed to any asbestos or asbestos-containing product manufactured or supplied by Defendants. As such, Defendants assert that Plaintiff's claims fail as a matter of law for failure to adduce evidence of causation. The Court agrees, and Plaintiff has offered no argument to the contrary.

MetLife argues in its motion to dismiss that dismissal is appropriate because Plaintiff failed to comply with the Court's orders regarding service of the complaint and service of

---

[2] Four of the 19 motions for summary judgment have been withdrawn or are moot due to voluntary dismissal. Defendant Ingersoll-Rand withdrew its motion for summary judgment [Docket Item 229] by letter dated February 13, 2015 [Docket Item 259]. The motions for summary judgment by Defendants Flowserve [Docket Item 227] and BW/IP [Docket Item 250] are moot as the result of a stipulation of dismissal entered on January 20, 2015 [Docket Item 253]. Similarly, Crane's motion for summary judgment [Docket Item 242] is moot as the result of a stipulation of dismissal entered on March 17, 2015. [Docket Item 262.]

Plaintiff's expert report. Alternatively, MetLife seeks to exclude the report of Plaintiff's purported medical expert, Dr. Hawey Wells, Jr.

For the reasons discussed below, the Court will grant Defendants' motions for summary judgment. The Court will deny MetLife's motion to dismiss without prejudice to filing an appropriate motion by no later than sixty (60) days from today's date at the close of a short period of additional discovery.

## II. BACKGROUND

### A. Facts

The Court accepts as true the following undisputed facts.[3] Mr. Thomasson served as a 3rd class metal worker aboard two Navy vessels: the U.S.S. Fitch (DD-462) from February 20, 1952 to November 15, 1953 and the U.S.S. Macomb (DD-458) from November 15, 1953 to May 22, 1954. Thereafter Mr. Thomasson worked as a maintenance worker and/or pipefitter at PSE&G in Camden, New Jersey from 1954 to 1955; at New York Shipyard from 1955 to 1956; at Paulsboro New Jersey Refinery in Gibbstown, New Jersey

---

[3] As Defendants' motions for summary judgment are unopposed, Plaintiff has submitted neither a responsive statement of material facts, nor a supplemental statement of disputed material facts. Accordingly, the Court deems the facts as set forth in Defendants' various 56.1 statements undisputed for purposes of the instant summary judgment motion. L. Civ. R. 56.1(a) ("[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.").

from 1956 to 1958; at a DuPont Plant in Trenton, New Jersey from 1958 to 1960; and at Monsanto Chemical from 1960 to 1985.

Mr. Thomasson was not deposed in this matter prior to his death. Plaintiff has offered two of Mr. Thomasson's former co-workers to give deposition testimony regarding Mr. Thomasson's alleged exposure to asbestos at the Monsanto Chemical plant in Bridgeport, New Jersey: Philip Tomeo and Leroy Griffin, Jr. Plaintiff has proffered no evidence regarding Mr. Thomasson's alleged exposure to asbestos at other worksites.

The only moving Defendants for which there is any evidence that Mr. Thomasson could have been exposed to their products are Goulds and Bechtel.[4] Mr. Tomeo and Mr. Griffin both recalled pumps manufactured by Goulds being present at the Monsanto facility. However, neither could say whether Mr. Thomasson ever worked on or near a Goulds pump during his time at Monsanto as opposed to a pump manufactured or supplied by any other company. Nor could Mr. Tomeo or Mr. Griffin testify that Mr. Thomasson ever worked on or near any asbestos-containing product manufactured or supplied by Goulds.

As to Bechtel, Mr. Tomeo and Mr. Griffin both testified that they believed that Bechtel built the Monsanto Plant.

---

[4] The Court need not discuss the evidence as to Crane or Ingersoll-Rand because the motions for summary judgment by these defendants are either withdrawn or moot.

8

However, Bechtel's own records refute this suggestion, and Bechtel's investigation failed to identify any Bechtel construction projects at the Monsanto Chemical plant in Bridgeport, New Jersey between 1945 and 1985. There is no other evidence in the record that Bechtel manufactured, supplied, or installed any asbestos or asbestos-containing product to which Mr. Thomasson could have been exposed to during his time at Monsanto's Bridgeport plant.

### B. Procedural history

Plaintiffs Harold and Claire Thomasson initiated this action in the Superior Court of New Jersey, Middlesex County against nearly 40 named defendants. Defendants CBS, Foster Wheeler, and General Electric removed the action to federal court on February 20, 2013. [Docket Item 1.] This Court denied Plaintiffs' motion to remand, finding that the notice of removal was timely filed. [Dockets Items 60 & 61.] On December 20, 2013, following Harold Thomasson's death, Plaintiff Claire Thomasson filed an Amended Complaint [Docket Item 119], on behalf of herself individually and as administratrix of her husband's estate, naming six additional defendants. Plaintiff filed a Second Amended Complaint [Docket Item 155] on July 14, 2014 naming seven additional defendants. In accordance with Magistrate Judge Joel Schneider's scheduling orders [Docket Item 143 & 150], Defendants timely filed the instant motions on

January 15, 2015. By letter dated February 18, 2015, Plaintiff's counsel indicated that there was no opposition to the pending motions for summary judgment. [Docket Item 257.] Plaintiff did however file opposition to MetLife's motion to dismiss [Docket Item 264] and MetLife filed a reply [Docket Item 271.]

## III. DISCUSSION

### A. Defendants' motions for summary judgment

The Court will grant Defendants' motions for summary judgment because Plaintiff has adduced no evidence that any of the moving Defendants manufactured or supplied asbestos or any asbestos-containing product to which Mr. Thomasson was exposed, and no evidence of causation linking Defendants' products to Mr. Thomasson's mesothelioma.

In New Jersey, "to prevail against a particular defendant in an asbestos case, a plaintiff must establish, in addition to other elements of a product liability action, exposure to friable asbestos manufactured or distributed by the defendant." Sholtis v. Am. Cyanamid Co., 238 N.J. Super. 8, 30 (App. Div. 1989). Furthermore, to defeat summary judgment, plaintiff must adduce evidence such that "reasonable jurors could infer that sometime during [plaintiff's] work histor[y] . . . plaintiff [was] exposed to a defendant's friable asbestos frequently and on a regular basis, while [plaintiff was] in close proximity to it[,]" as well as "competent evidence, usually supplied by

10

expert proof, establish[ing] a nexus between the exposure and plaintiff's condition." Id. at 31. In Kurak v. A.P. Green Refractories Co., 298 N.J. Super. 304 (App. Div. 1997), the Appellate Division suggested that a lower causation standard may apply in cases where plaintiff has been diagnosed with mesothelioma. Id. at 322. The court stated that, "unlike asbestosis or cancer of the lung caused by asbestos, mesothelioma, a cancer of the lining of the lung, can be caused by relatively small exposures to asbestos." Id. at 311.

It is, nevertheless, well-established that a plaintiff must demonstrate some level of exposure to a defendant's asbestos-containing product. See Goss v. Am. Cyanamid, Co., 278 N.J. Super. 227, 236 (App. Div. 1994) (noting that it would be insufficient for plaintiff to show that asbestos-containing products supplied by defendant were used in plaintiff's workplace without actual proof linking plaintiff's alleged exposure to those products). Put simply, to prevail on a tort claim for asbestos exposure, plaintiff must identify an asbestos-containing product manufactured or supplied by defendant. See Barnes v. Foster Wheeler Corp., Civ. 13-1285 (JBS), 2014 WL 2965699, at *3 (D.N.J. June 30, 2014) (collecting and discussing cases); Hughes v. A.W. Chesterton Co., 435 N.J. Super. 326, 345 (App. Div. 2014).

Similarly, under maritime law, to establish causation in an asbestos case, "a plaintiff must show, for each defendant, that (1) he was exposed to the defendant's product, and (2) the product was a substantial factor in causing the injury he suffered."[5] Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005). The Asbestos MDL court in the United States District Court for the Eastern District of Pennsylvania has noted that "there is also a requirement (implicit in the test set forth in Lindstrom and [Stark v. Armstrong World Indus., Inc., 21 F. App'x 371 (6th Cir. 2001)]) that a plaintiff show that (3) the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged." Mortimer v. A.O. Smith Corp., Civ. 13-04169 (ER), 2014 WL 7652989, at *1 (E.D. Pa. Dec. 23, 2014). "'Minimal exposure'" to a defendant's product is insufficient" to establish causation. Lindstrom, 424 F.3d at 492. "Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." Id. Instead, "to establish that a product was a substantial factor in causing injury, the plaintiff must show a high enough level of exposure that an inference that the

---

[5] Only Defendants CBS Corporation, Foster Wheeler, General Electric, and Air & Liquid Systems Corporation argue that maritime law may apply to Plaintiff's claims arising from Mr. Thomasson's work aboard the U.S.S. Fitch and the U.S.S. Macomb.

12

asbestos was a substantial factor in the injury is more than conjectural." Id. (internal quotations omitted).

In the present case, there is simply no evidence that Mr. Thomasson was exposed to any asbestos or asbestos-containing products manufactured, supplied, or installed by any of the moving Defendants. Even if there was evidence of some exposure to Defendants' asbestos or asbestos-containing products, it is insufficient to establish causation. The only testimony in the record regarding any of the moving Defendants' products relates to Goulds and Bechtel. However, testimony by Tomeo and Griffin that pumps manufactured by Goulds may have been present in the Monsanto plant where Mr. Thomasson worked between 1960 and 1985 is insufficient to establish causation under New Jersey law.[6] There is nothing in the record from which a reasonable jury could find that Mr. Thomasson was exposed to any of Defendants' products with sufficient frequency, regularity, or proximity to satisfy Sholtis or even the lesser standard in Kurak. Moreover, the testimony as to Bechtel has been refuted by Defendant without objection from Plaintiff. Therefore, the Court will grant Defendants' motions for summary judgment for failure to

---

[6] There is no assertion that anything but New Jersey law applies to Plaintiff's claims arising from Mr. Thomasson's work at the Monsanto Chemical plant in Bridgeport, New Jersey.

identify an asbestos-containing product manufactured or supplied by Defendants and for lack of causation.[7]

### B. MetLife's motion to dismiss

MetLife seeks dismissal of Plaintiff's Amended Complaint based on Plaintiff's purported failure to comply with the Court's orders regarding service of the complaint and service of Plaintiff's expert reports.[8] As an alternative to dismissal, MetLife seeks exclusion of Plaintiff's expert report. Plaintiff argues in response that MetLife was served well-within the statute of limitations period. Plaintiff concedes that she failed to comply with the Court's deadline for serving expert reports, but notes that Plaintiff's counsel agreed to extend the time to serve Defendants' expert reports.

MetLife's motion to dismiss requires a more fulsome recounting of certain aspects of this action's extensive procedural history. Pursuant to a text order entered on December 10, 2013, Judge Schneider granted Plaintiff's motion for leave

---

[7] Because the undisputed record establishes Defendants' entitlement judgment as a matter of law for lack of causation, the Court does not reach additional arguments raised by Defendants including failure to present expert testimony, entitlement to the government contractor defense, and failure to comply with the applicable statute of repose.

[8] MetLife's initial submission in support of its motion to dismiss made no reference to relevant authority. Only in reply does MetLife address the factors applicable to dismissal under Poulis v. State Farm Fire and Casualty, 747 F.2d 863 (3d Cir. 1984).

to file an amended complaint and directed Plaintiff to "file and serve" the proposed amended complaint by December 23, 2013. [Docket Item 110.] Plaintiff filed the Amended Complaint naming MetLife as a defendant on December 20, 2013. [Docket Item 119.] Plaintiff concedes, however, that MetLife was not served with the Amended Complaint until July 18, 2014. MetLife filed an Answer on August 8, 2014. [Docket Item 163.]

According to an amended scheduling order entered on May 30, 2014, Plaintiff's expert reports were to be served upon defendant's counsel no later than October 31, 2014. [Docket Item 143.] Plaintiff contends that she served Dr. Hawey Wells, Jr.'s medical expert report on November 25, 2014.[9] Pursuant to the amended scheduling order, Defendants' expert reports were to be filed no later than December 1, 2014.

On December 4, 2014, Defendants URS Energy & Construction, Inc. and John Crane, Inc. sought dismissal of Plaintiff's Amended Complaint for failure to serve Plaintiff's expert reports in accordance with the amended scheduling order. [Docket Items 196 & 197.] Seeking to avoid unnecessary motions practice, Judge Schneider, by order entered December 10, 2014 [Docket Item

---

[9] MetLife notes that Plaintiff's certification of service dated November 25, 2014, and entered on the docket on December 4, 2014, indicates that Dr. Wells' report was served on all defense counsel via email, but MetLife is omitted from the list of defendants served. [Docket Item 197-5.]

15

198], directed Plaintiff to file a motion for leave to serve a late expert report by December 16, 2014. Thereafter, numerous Defendants sought to join in these motions to dismiss. [Docket Items 199-204.] MetLife did not seek to join Defendants' motions at this time.

On December 30, 2014, Judge Schneider noted that Plaintiff did not file a motion in accordance with Court's December 10, 2014 Order. [Docket Item 207.] The next day, Judge Schneider ordered Defendants to serve their medical expert reports by January 30, 2015. [Docket Item 217.] Plaintiff's counsel contends that he consented to such an extension and made that consent known to Defendants' Liaison Counsel on November 24, 2014.

Upon letter from counsel for Defendants URS Energy & Construction, Inc. and John Crane, Inc., withdrawing their motions to dismiss in light of stipulations dismissing Plaintiff's claims against them, the Court dismissed Defendants' motions as moot without prejudice to any other defendant seeking similar relief. [Docket Item 218.] MetLife essentially did so upon filing its motion to dismiss on January 15, 2015. [Docket Item 228.]

In determining whether dismissal is an appropriate sanction for violating a court order, courts are required to consider the factors outlined in Poulis v. State Farm Fire and Casualty, 747

16

F.2d 863 (3d Cir. 1984). Hernandez v. Palakovich, 293 F. App'x 890, 894 (3d Cir. 2008). The six Poulis factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) availability of alternative sanctions; and, (6) the meritoriousness of the claim. Poulis, 747 F.2d at 868. "Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

Plaintiff's conduct in this litigation falls well-short of that required to warrant dismissal under Poulis. Plaintiff concedes that MetLife was served with the Amended Complaint many months after the December 23, 2013 deadline for service set by Judge Schneider. However, MetLife filed an Answer on August 8, 2014 and this litigation proceeded in due course without any apparent prejudice to MetLife.[10] Although Plaintiff failed to

---

[10] Although not raised explicitly by MetLife, the Court notes that Plaintiff failed to serve MetLife with the Amended Complaint within the 120 day period provided under Rule 4(m), Fed. R. Civ. P. "The time limitations of Rule 4(m) apply with equal force to an amended complaint that adds new parties." Serfess v. Equifax Credit Info. Servs., LLC, Civ. 13-0406 (RBK/JS), 2015 WL 501972, at *3 (D.N.J. Feb. 5, 2015). See also 4B Wright & Miller et al., Fed. Prac. & Proc. § 1137 (4th ed.) ("Although filing an amended complaint in itself does not toll the service period, thereby providing an additional 120 days for service, adding a new party through an amended complaint initiates a new 120-day timetable for service upon the added defendant."). Courts are permitted under Rule 4(m) to dismiss an action without prejudice if service of the summons and complaint

17

serve her medical expert report by the deadline established by the Court's order, Plaintiff's counsel consented to an extension of the deadline for Defendants to file their expert reports and Judge Schneider did, in fact, extend the deadline for serving Defendants' medical export reports until January 30, 2015. Any prejudice to Defendants was thus cured upon the extension of the deadline to serve responsive expert reports. MetLife acknowledges that it served its expert reports on December 2, 2014.

    Moreover, Plaintiff's failure to comply with two deadlines in this action does not constitute a substantial history of dilatoriness. Nor does MetLife identify any additional conduct by Plaintiff which indicates dilatoriness or bad faith. In fact, MetLife very reasonably acknowledges the inherent difficulties presented by a case with so many defendants and notes that it does not claim that Plaintiff's conduct in this case has been willful or in bad faith. It is also noteworthy that MetLife did not join the motions to dismiss by URS Energy and John Crane which raised identical arguments to those raised in the instant

---

is not made within 120 days after filing of the complaint, provided that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Court declines to dismiss the instant action for failure to comply with Rule 4(m) because the Court finds no prejudice to MetLife in continuing to defend this litigation as it has since filing an Answer in August, 2014.

motion. MetLife instead waited until the very latest possible moment to seek dismissal of Plaintiff's Amended Complaint. The Court is thus unpersuaded at this late juncture by MetLife's request for the drastic remedy of dismissal based on the purported prejudice presented by a short period to prepare for trial.[11] Therefore, the Court will deny MetLife's motion to dismiss based on Poulis.

    The Court further finds that an order barring Plaintiff's expert report is inappropriate in a case where, in light of Plaintiff's delay in serving her expert reports, the Court extended the deadline for Defendants to serve their responsive reports, and MetLife, by its own admission, served its expert reports in this case no later than December 2, 2014. Importantly, MetLife does not present any grounds for deeming inadmissible or excluding Dr. Well's report beyond Plaintiff's failure to comply with the Court's deadline to serve export reports.

---

[11] MetLife appears to argue that Plaintiff has failed to disclose any factual basis for MetLife's purported liability in this action. Such an argument is appropriate for a motion dismiss under Rule 12(b)(6), Fed. R. Civ. P., or a motion for summary judgment. In the absence of such a motion, the Court will not opine on the factual basis for Plaintiff's claims against MetLife. The Court does note, however, that MetLife's motion to dismiss will be denied without prejudice to presenting these arguments at the close of a short period of additional discovery.

As an alternative to dismissal or striking Dr. Wells' expert report, the Court will permit a period of forty-five (45) days for additional discovery (including but not limited to a deposition of Plaintiff's expert) to cure any potential prejudice to MetLife, after which MetLife shall serve any defense expert report and may file any appropriate motion within fifteen (15) additional days.[12] Such a period should assuage MetLife's concern that it will be disadvantaged in this litigation if the case proceeds against it due to the short period of time available to prepare for trial.[13]

## IV. CONCLUSION

In light of the foregoing, the Court will grant the pending motions for summary judgment. The Court will deny MetLife's motion to dismiss without prejudice to filing an appropriate motion no later than sixty (60) days from today's date. The Court will permit MetLife to have a supplemental discovery period of forty-five (45) days from today's date. An accompanying Order will be entered.

| | |
|---|---|
| **April 9, 2015** | **s/ Jerome B. Simandle...** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

---

[12] Such a period applies only to MetLife. It does not apply to any of the other Defendants regardless of whether they have filed dispositive motions.

[13] Indeed, no trial date has been set and Judge Schneider adjourned the Final Pretrial Conference scheduled for April 2, 2015 in light of the pending motions. [Docket Item 267.]